Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

FILED
AUG 23 2022
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Fernando Gastelum,

                Plaintiff,

vs.

Five Below, Inc.

                Defendant.

Case No.: 1:22-CV-00825-AWI-SAB

**1ST Amended Verified Complaint**

1. ADA Federal Preemption of Unruh Civil Rights Act
2. Americans with Disabilities Act
3. California's and Unruh Civil Rights Act (Cal. Civ. Code § 51-53.)
4. California's Disabled Persons Act (Cal. Civ. Code §§54-54.3)

Plaintiff Fernando Gastelum complains and alleges as follows:

## PARTIES

1. Plaintiff is a senior citizen with physical disabilities. Plaintiff is missing a leg.
2. Plaintiff's residence is in Casa Grande, Arizona.
3. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use.
4. Where public accommodations are not wheelchair friendly and wheelchair accessible, Plaintiff is compelled to ambulate with the use of a prosthetic leg and a cane.

RECEIVED
AUG 23 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK



5. Defendant owns public accommodations located at or about 6467 Riverside Drive, Suite 112, Fresno, California 93722 ("Riverside Store") and at 7628 North Blackstone Ave, Fresno, CA 93720 ("Blackstone Store").

6. The Riverside Store and the Blackstone Store are open to the public, a place of public accommodation, and a business establishment.

## JURIDICTION AND VENUE

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and California's Disabled Persons Act.

9. Supplemental Jurisdiction is based on Plaintiff's Claims:
   a. Count One – Federal Pre-Emption of Unruh heightened special procedural requirements; and independently,

b. Count Two – Violation of the ADA 42 U.S.C. § 12101, et seq.

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

### -A-
### Facts Relating to Federal Pre-Emption of Unruh Act's Heightened Special Procedural requirements Aimed at Limiting Suits by Disabled Individuals

11. Public accommodations pose an existential and immediate threat to the equality and equity in the public space. It is incontrovertible that public accommodations have engaged in, and continue to engage in, a widespread systemic segregation of the disabled.

12. By their relentless refusal to provide accessible accommodations, public accommodations cause unnecessary crowding of the dockets in the federal and state courts.

13. The offending public accommodations have been able to turn the tables to blame the disabled individuals for their own inequity and cast themselves as the new victim class.

14. Since the passage of the *Arroyo v. Rosas,* 19 F.4th 1202 (9th Cir. 2021) ("*Arroyo*") decision, some 9th Circuit District Courts dismiss supplemental jurisdiction over the Unruh Civil Rights Act ("Unruh") and Disabled Persons' Act claims.

15. When the Unruh claim is dismissed, Plaintiff is required to refile the same claim in the California State Court that provides lesser and unequal substantive and procedural protections to Plaintiff than those provided by the ADA.

16. The purpose of Unruh's lesser and unequal substantive and procedural protections is to limit the practice by some *attorneys* who were abusing the Unruh Act by demanding "quick money settlement[s]" from California business owners "without seeking and obtaining actual repair or correction of

3

the alleged violations on the site." Such " 'pay me now or pay me more' demands" were being "used to scare businesses into paying quick settlements that only financially enrich[ed] the attorney, claimant, and d[id] not promote accessibility either for the claimant or the disability community as a whole." Act of Sept. 19, 2012, Ch. 383, § 24, 2012 Cal. Stat. 3843, 3871.

17. The purpose of Unruh's lesser and unequal substantive and procedural protections is to limit lawsuits by disabled individuals like Plaintiff.

18. The (un)foreseen effect of Unruh's lesser and unequal substantive and procedural protections was to limit Plaintiff as a pro se civil rights litigant to access California's State Courts through imposition of heightened and special procedural requirements.

19. The following historical and explanatory facts are taken from *Arroyo*:

   a. In 2012, the California Legislature enacted new provisions to address what it perceived to be abuse of the Unruh Act by "a very small number of plaintiffs' attorneys." Act of Sept. 19, 2012, Ch. 383, § 24, 2012 Cal. Stat. 3843, 3871. As the Legislature explained in the uncodified section of the amending statute that explained its purpose, some *attorneys* were abusing the Unruh Act by demanding "quick money settlement[s]" from California business owners "without seeking and obtaining actual repair or correction of the alleged violations on the site." *Id.* Such " 'pay me now or pay me more' demands" were being "used to scare businesses into paying quick settlements that only financially enrich[ed] the attorney and claimant and d[id] not promote accessibility either for the claimant or the disability community as a whole." *Id.* 19 F.4th at 1207.

   b. Accordingly, the Legislature added a new provision to the California Civil Code that, with respect to "construction-related accessibility claim[s]" under the Unruh Act and related state statutes, generally prohibited up-front requests for money in pre-litigation demand letters sent by attorneys to business owners. Cal. Civ. Code § 55.31(b). The Legislature also imposed heightened pleading requirements applicable only to such claims.

Cal. Civ. Proc. Code § 425.50(a) (2013). Under these special pleading rules, a complaint must include: (1) an "explanation of the specific access barrier or barriers the individual encountered"; (2) the "way in which the barrier denied the individual full and equal use or access, or [the way] in which it deterred the individual, on each particular occasion"; and (3) the "date or dates of each particular occasion on which the claimant encountered the specific access barrier, or on which he or she was deterred." *Id.* Finally, "[a]ny complaint alleging a construction-related accessibility claim" must "be verified by the plaintiff." Id. § 425.50(b). *Id.*

c. In 2015, the Unruh was further amended to provide for new pleading requirements requiring any "construction related accessibility claim" (other than one alleging physical injury or property damage) that is filed by a plaintiff who is a "high-frequency litigant" must disclose: (1) that the plaintiff is a high-frequency litigant; (2) how many complaints the plaintiff has filed in the prior 12 months; (3) the reason the plaintiff was in "the geographic area of the defendant's business"; and (4) why the plaintiff "desired to access the defendant's business." Cal. Civ. Code § 425.50(a)(4)(A). A "high-frequency litigant" plaintiff was generally defined as a "plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction related accessibility violation." Id. § 425.55(b)(1). In addition, the Legislature imposed a $1,000 additional filing fee—over and above the ordinary civil filing fees—for each new case filed by a plaintiff who is a high-frequency litigant. Cal. Gov't Code § 70616.5. *Arroyo*, 19 F.4th at 1207.

d. California's procedural scheme "imposed a set of special procedural limitations designed to balance its objectives of allowing monetary relief, avoiding undue burdens on businesses, and realigning undesirable incentives for plaintiffs." *Id.* 19 F.4th at 1213. Thus, Unruh provides a greater protection to the disabled persons by allowing damages, but a

lesser and unequal protection by imposing "special procedural limitations" and by "realigning undesirable incentives."

20. Congress' objectives for passing the ADA are stated at 42 U.S.C. §12101(b)(1)-(3). ADA objectives include "a **clear** and **comprehensive national mandate** for the elimination of discrimination against individuals with disabilities," "**clear**, strong, **consistent,** enforceable **standards** addressing discrimination against individuals with disabilities," and "**Federal Government's ...central role in enforcing [the ADA]**." (Emphasis added.)

21. 28 C.F.R. §36.103(c) provides that "[Part 36] does not invalidate or limit the remedies, rights, and procedures of any ... State or local laws ...that provide *greater or equal protection* for the rights of individuals with disabilities (Emphasis supplied). It states:

> **§36.103 Relationship to other laws.**
>
> (c) *Other laws.* This part does not invalidate or limit the remedies, rights, and procedures of any other Federal laws, or State or local laws (including State common law) that provide greater or equal protection for the rights of individuals with disabilities or individuals associated with them.

22. As a necessary corollary, Part 36 *does* invalidate the *rights, remedies* and *procedures* of Unruh laws that provide *lesser* or *unequal* protection for the rights of individuals with disabilities.

23. By virtue of Congress' declarations of purpose referenced above and the express pre-emption in 28 C.F.R. 36.103, Unruh's heightened and special procedures are expressly, field and conflict pre-empted by the ADA because they provide lesser and unequal substantive and procedural protections to Plaintiff and are, therefore, null and void.

///

///

-B-

**Plaintiff's Visits to the Riverside Store on January 26, 2022 and August 10, 2022, and His Visit to the Blackstone Five Below Store also on August 10, 2022.**

### *Plaintiff's Visits to Fresno and his Prior Contacts with Five Below Stores*

24. Plaintiff's family comes from California. Plaintiff's mother's family comes from Shafter, and his family is located throughout California including Bakersfield, Fresno, San Jose, Modesto and Merced.

25. Plaintiff currently resides in Casa Grande, Arizona, which is the only place where he can afford housing. But for available housing, Plaintiff would prefer to live in California which is closer to his friends, family, the Pacific Coast and the chapters of 49ers Faithful Empire Club.

26. Five Below is a specialty discount store that sells products that are less than $5, plus a small assortment of products from $6 to $25.

27. Five Below stores create a pleasant flea market type atmosphere which Plaintiff enjoys.

28. Plaintiff has visited numerous Five Below stores in the Phoenix Metropolitan Area and noticed that they are inaccessible to Plaintiff.

29. Five Below Stores in the greater Phoenix that are not compliant with disability laws deter Plaintiff from shopping there because they deny him full and equal access.

30. Plaintiff also visited the Fresno area where Five Below Stores are situated innumerable times, in no event less than 30-40 times in the past.

31. Plaintiff stops in the Fresno area at least 2-4 times per year to lodge, eat or attend a 49ers Empire SoCal barbecue, or on his way to Sacramento, Stockton and Northern California.

32. Since a year ago, Plaintiff visited Fresno on at least seven occasions: July 2, 2021, January 25, 2022, January 26, 2022, May 17, 2022, May 18, 2022, May 19, 2022, and August 10, 2022.

33. When Plaintiff visits Fresno, he visits various big box stores, including Five Below, to shop there and, in part, to determine whether they are compliant with accessibility laws[1].

**<u>Plaintiff's Visit to the Riverside Store on January 26, 2022 And His Intent to Return</u>**

34. Plaintiff's visited the Riverside Store on January 26, 2022 with the intention to avail himself of their goods or services at the Store, and did avail himself of its goods:

```
              five BELOW
              fivebelow.com

          01344 NORTHWEST FRESNO,CA
              6467 RIVERSIDE DRIVE
               FRESNO, CA 93722
                 559-500-2655
                    SALE

1922349900102 BT TWS CLASSIC AST B   $8.00T
        1 @ $8.00

Subtotal                              $8.00
Sales Tax  8.350%                     $0.67

Total                                 $8.67

Cash                                 $20.00
Cash Change                          $11.33
Store: 01344    Reg: 03    Tran: 036763
Date: 1/26/2022 12:07:49 PM  Assoc: 111111
```

35. On the date of the plaintiff's visit, Plaintiff discovered that the Riverside Store was not compliant with the disability access laws which prevented him full and equal access in the following detail:

   a. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to shop between displays of merchandise. This condition violates accessibility standards at 403.5.1.

---

[1] Motive in visiting a public accommodation is irrelevant to Plaintiff's ADA claim. *CREEC.*

8

b. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2. It also requires the twisting of the wrist. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.

36. Plaintiff then advised Defendant's President, Joel Anderson, that the Store was not accessible and requested, inter alia, that Defendant use best efforts to remediate accessibility barriers.

37. Defendant's President did not respond. Consequently, Plaintiff chose to bring the instant action and did bring the instant action on July 5, 2022.

38. At the same time, Plaintiff intended to return to the Store the following month, to wit, on or about August 10, 2022, to conduct business there and to determine whether the Riverside Store attempted to remediate the violations first noted on January 26, 2022.

**_Plaintiff's Return to the Riverside Store on August 10, 2022._**

39. As intended, Plaintiff returned to the Store on August 10, 2022:



40. On the date of the plaintiff's second visit, Plaintiff discovered that the Store had done nothing to comply with the disability access laws and denied him full and equal access in the following detail:

a. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to shop

between displays of merchandise. This condition violates accessibility standards at 403.5.1.

b. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2. It also requires the twisting of the wrist. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.

**<u>Plaintiff's Visit to the Blackstone Store on January 26, 2022 And His Intent to Return</u>**

41. On the same day, Plaintiff visited the Blackstone Store at 7628 North Blackstone Ave, Fresno, CA 93720 ("Blackstone Store") and made a purchase there:



42. Plaintiff discovered that the Blackstone Store was not compliant with the disability access laws and denied Plaintiff full and equal access in the following detail:

a. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to shop

      between displays of merchandise. This condition violates accessibility standards at 403.5.1.

b. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2. It also requires the twisting of the wrist. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4

43. These barriers relate to and impact Plaintiff's disability and denied Plaintiff full and equal access because Plaintiff uses a wheelchair, and the barriers directly relate wheelchair use in the following manner[2]:

    a. The insufficient clear width of the accessible routes between rows of merchandise prevents him from accessing the merchandise with his wheelchair; and

    b. The bathroom door requires the push-pull force greater than 5 lbs which makes the opening of the bathroom door more difficult for Plaintiff from his wheelchair because it does not permit Plaintiff to push open the door with his upper body as most fully abled persons do; and

    c. The twisting of the wrist required to open bathroom door substantially limits Plaintiff's ability to twist his elbow to open the door.

44. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove. For example, Defendant could simply space the merchandise to permit

---

[2] Reference is made to 28 C.F.R. §28.105(d)(v):

> (v) An impairment is a disability within the meaning of this part if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section

11

access between the rows of merchandise. Likewise, Defendant could change the bathroom door operating hardware to the push-pull type and adjust the automatic closing device to less than 5 lbs. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

## Count One
### Federal Pre-Emption of Unruh's "Heightened" and "Special Procedural Requirements Aimed at Limiting Suits by [Disabled Individuals]"

45. Plaintiff incorporates allegations elsewhere in this Verified Complaint.

46. Congress' objectives for passing the ADA are stated at 42 U.S.C. §12101(b)(1)-(3). These objectives include "a clear and **comprehensive national mandate** for the elimination of discrimination against individuals with disabilities", "clear, strong, **consistent,** enforceable **standards** addressing discrimination against individuals with disabilities", and "**Federal Government's …central role in enforcing [the ADA]**". (Emphasis added.)

47. Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are designed to prevent, deter and coerce disabled individuals to not seek their rights of equal access.

48. 28 C.F.R. 36.103 invalidate the *rights, remedies* and *procedures* of Unruh laws that provide *lesser* or *unequal* protection for the rights of individuals with disabilities.

49. Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are expressly, field and conflict preempted by the ADA.

WHEREFORE, Plaintiff requests:

A. Declaration that Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are pre-empted by the ADA; and

12

B. Injunction against California from enforcing Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]."

### Count Two – Violation Of The ADA
(42 U.S.C. § 12101, et seq.)

50. Plaintiff incorporates all allegations contained elsewhere in this Verified Complaint.

51. 42 U.S.C. §12182(a) provides that Plaintiff has the legal right to not be discriminated on the basis of his disabilities in the full and equal enjoyment of goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation. 42 U.S.C. §12182 (b)(1)(D)(i) further provides that a public accommodation is prohibited from utilizing standards, criteria or methods of administration that have the effect of discriminating on the basis of Plaintiff's disabilities.

52. Discrimination is defined, inter alia, as a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302, and/or as a failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

53. The barriers listed above relate to Plaintiff's Disability and interfere with his full and equal enjoyment of the Five Below Stores because the barriers make it more difficult for Plaintiff to access the goods and services.

54. The remediation of the barriers identified above is readily achievable.

55. Plaintiff intended to return to the Store and did return to the Store as documented Above.

56. Plaintiff intends to return to Fresno in January of 2023, and specifically intends to return to the Five Below Stores as documented above.

57. In the meantime, however Plaintiff is deterred from returning to the Five below Stores until he has been advised that the violations have been remediated fully and completely and that each store is fully accessible to Plaintiff.

58. As a result, Plaintiff and others similarly situated are deterred from visiting any Five Below store because they know that Five Below lacks reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. the counter will be unusable they know that they are likely to encounter counters with Starbucks baskets preventing access.

59. As a result, the injury to Plaintiff is likely to recur as a matter of law not only in the referenced stores, but at any Five Below stores.

WHEREFORE, Plaintiff requests relief as follows:

a. Declaration that at the commencement of this action Defendant was in violation of the specific architectural requirements of disability laws detailed above; and

b. Declaration that at the commencement of this action Defendant did not have an enforceable policies, practices, or procedures to afford goods, services, facilities, privileges, advantages, or accommodations to Plaintiff and others similarly situated in violation of 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302; and

c. Order that Defendant remediate each and every inaccessible element in the stores that are subject of this Verified Complaint; and

d. Order that Defendant implement enforceable policies, practices, or procedures to afford goods, services, facilities, privileges, advantages, or accommodations to Plaintiff and others similarly situated pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. §36.302; and

e. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

### Count Three - Violation Of The Unruh Act
(Cal. Civ. Code § 51-53.)

60. Plaintiff incorporates all allegations contained elsewhere in this Verified Complaint.

61. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

62. Defendants' Stores violated the Unruh Act by denying Plaintiff's rights to full and equal use of the Facility.

63. Defendant's violation of the Unruh Act makes Defendant responsible for statutory civil penalty. (Civ. Code § 55.56(a)-(c).

WHEREFORE, Plaintiff requests relief as follows:

a. Declaration that at the commencement of this action Defendant was in violation of the specific architectural requirements of disability laws detailed above; and

b. Declaration that at the commencement of this action Defendant did not have enforceable policies, practices, or procedures to afford goods, services, facilities, privileges, advantages, or accommodations to Plaintiff and others similarly situated; and

c. Order that Defendant remediate each and every inaccessible element in the stores that are subject of this Verified Complaint; and

   d. Order that Defendant implement enforceable policies, practices, or procedures to afford goods, services, facilities, privileges, advantages, or accommodations to Plaintiff and others similarly situated; and
   e. For damages in an amount no less than $4,000.00 per Unruh violation per encounter as alleged above; and
   f. For treble damages pursuant to Cal. Civ. Code §3345(b).
   g. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and
   h. The provision of whatever other relief the Court deems just, equitable and appropriate.

### Count Four - Violation Of The Disabled Persons Act
(Cal. Civ. Code §§54-54.3)

64. Plaintiff realleges all allegations heretofore set forth.
65. Defendants have violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.
66. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.
67. Plaintiff has been aggrieved by each Defendant's non-compliance with the DPA.
68. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.
69. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and

b. For damages in an amount no less than $1,000.00 per violation per encounter; and

c. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

d. The provision of whatever other relief the Court deems just, equitable and appropriate.

70. Plaintiff re-pleads and incorporates by reference, as if fully set forth again here, the allegations contained elsewhere in this verified complaint.

71. Plaintiff visits the geographical area where the Store is located on a regular basis two to four times per year, and has been visiting the geographical area for many years in the past.

72. Plaintiff intends to continue visiting the geographical area where the Store is located on a regular basis at the rate of two to four times per year for the near future.

73. Plaintiff has conducted business at the Store numerous times in the past and desires to conduct business there in the future.

74. Plaintiff conducts business at the Store because it is reasonably priced and within Plaintiff's budgetary limits.

75. The style, price and location of the Store are convenient to Plaintiff when visiting or traveling in the geographical area where the Store is located.

76. Plaintiff has a desire to revisit the Store during his regular visits to the geographical area where the Store is located but only if the Store is made accessible not only in the particulars alleged here, but also with respect to other barriers to disability that may be discovered during the discovery process.

77. Defendant violated Plaintiff's rights under the ADA.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and

b. Order Defendant to remediate all violations of the ADA; and

c. Order closure of the Defendant's Store until Defendant has fully complied with the ADA; and

d. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

e. The provision of whatever other relief Plaintiff is entitled and that the Court deems just, equitable and appropriate.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by a jury.

### VERIFICATION

I verify that the allegations above are true to the best of my knowledge, information and belief.

DATED 16th of August, 2022.

*[signature]*

Fernando Gastelum

Mailed to the District Court this 16th day of August, 2022.

/s/